**John P. HICKS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 96–CF–345.

District of Columbia Court of Appeals.

Argued Feb. 19, 1998.
Decided March 19, 1998.

---

Thomas Heslep, Alexandria, VA, appointed by this court, for appellant.

Margaret Flaherty, Assistant United States Attorney, with whom Mary Lou Leary, United States Attorney, and John R. Fisher, Elizabeth Trosman, and Robert J. Spagnoletti, Assistant United States Attorneys, were on the brief, for appellee.

Before STEADMAN, SCHWELB, and REID, Associate Judges.

REID, Associate Judge:

After a jury trial, appellant John P. Hicks was convicted of first degree sexual abuse, in violation of D.C.Code § 22–4102 (1996), and kidnapping, in violation of D.C.Code § 22–2101.[1] His timely appeal challenges the jury instruction regarding first degree sexual abuse. He claims that the trial court unconstitutionally shifted the burden of proof to him on the element of force. We reverse.

## FACTUAL SUMMARY

According to the government's evidence, on the morning of August 4, 1995, sixteen year-old S.H. approached 1128 6th Street, N.W., where she resided with her grandmother and aunt. Hicks, who lived across the street and who had known S.H. since elementary school, called out to her. The two exchanged pleasantries, and when S.H. started to leave, Hicks insisted that she accompany him to his apartment so that he could write down his pager number for her. S.H. had previously visited Hicks's apartment, without incident. On this particular morning, however, Hicks grabbed S.H. by the arm and pulled her into his building. She tried to pull away, but only thought that he was being "stupid and playful." She resisted entering his apartment and said: "Let me go. I can wait for you out here." Hicks pulled her into his apartment and locked the door.

Inside the apartment, Hicks tried to coax S.H. into having sex with him. When she rebuffed all his advances, he pulled her close to him. She cried and begged him to let her leave the apartment. He ordered her to shut up, pulled her towards the sofa, pinned her down with one hand, turned up the television volume, and raped her.

In his defense case, Hicks testified that he had had a prior consensual sexual encounter

---

1. He was sentenced to prison terms of two to six years on each charge, to run concurrently with each other.

with S.H. earlier that summer in his apartment. When he started kissing her, she pulled down her underwear and then laid down on the floor. Hicks had started engaging in sex with her, but had stopped when she expressed fear about pain if she engaged in a physical sexual act with him. He testified that on the morning of August 4, 1995, the event in question, he had a similar encounter with S.H.; that is, they again kissed and she pulled down her underwear, but he again stopped because "[s]he was scared it might hurt because she was a virgin." He admitted to giving the police a false name, saying he did so because he feared being charged with statutory rape, an offense for which his brother was convicted in Virginia. He also admitted that he gave a written statement to the police admitting that he "roughed [S.H.] a little bit, punched her in her leg ... grabbed her arm and was pulling on her[,] and [after] fighting ... back[,] ... she stormed out of the apartment." During his testimony, he admitted "[getting] it halfway in," but insisted that she had consented, and that he "just left" after "she jumped and she pushed me back and told me that it hurt."

### ANALYSIS

With respect to the trial court's instructions to the jury on the offense of first degree sexual abuse, Hicks contends that the trial court "impermissibly shifted the burden of proof on the element of force from the prosecution to the defense." He claims that his constitutional due process rights were violated, and that the trial court's challenged instructions "also impacted the specific intent element of the [k]idnapping charge."[2] In *Russell v. United States*, 698 A.2d 1007 (D.C. 1997), decided after Hicks was sentenced, this court interpreted the recently enacted first degree sexual abuse statute. We addressed the relationship between the defendant's statutory affirmative defense of con-

sent, and the government's burden to prove the elements of first degree sexual abuse, including the element of force. We said, "because evidence relating to consent is relevant to the question of force, a failure to instruct the jury in that regard, where requested, does violate due process." *Id.* at 1015 (referencing *Humanik v. Beyer*, 871 F.2d 432, 440–41 (3d Cir.), *cert. denied*, 493 U.S. 812, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989)). We further stated, "at least when the legislature has not specified otherwise, that the jury should be expressly instructed that it may consider the affirmative defense evidence when it determines whether the government has met its burden to prove all the elements of the offense beyond a reasonable doubt." *Id.* at 1015–16.

■ Here, the trial court instructed the jury on first degree sexual abuse, in relevant part, as follows:

Now, first degree sexual abuse: The essential elements of first degree sexual abuse, each of which the Government must prove beyond a reasonable doubt, are that the defendant knowingly engaged in or caused [S.H.] to engage in or submit to a sexual act by using force against S.H....

Now, consent by the victim is a defense to the charge of first degree sexual abuse which the defendant must establish by a preponderance of the evidence....

... If you find that Mr. Hicks has proven by a preponderance of the evidence that S.H. agreed to the sexual act, then the Government must prove beyond a reasonable doubt that the complainant's consent was not voluntary. If the Government fails to prove there was no voluntary consent, you must find the defendant not guilty.

This was a constitutionally inadequate instruction. As we said in *Russell*:

---

**2.** In the first count of the indictment against him, Hicks was charged with kidnapping with intent to assault, and the trial court instructed the jury that the government had to prove that he "held or detained or acted with the specific intent to hold her detained, the complainant, for the purpose of assaulting [S.H.]" Hicks argues that the "assault" in question could only be the sexual

assault charged in the second count of the indictment, and hence the error in the charge to the jury relating to consent fatally infected the kidnapping charge as well. We think that in the particular facts and circumstances of this case, the point is well taken. Accordingly, we vacate the kidnapping conviction as well as that of sexual abuse.

[T]he trial court gave the standard general instruction on the government's burden of proof, but did not inform the jury that it could consider [Hicks's] evidence of consent with respect to the question of whether the government proved beyond a reasonable doubt that the act was accomplished by force.... However, in *Martin v. Ohio,* 480 U.S. 228 [107 S.Ct. 1098, 94 L.Ed.2d 267] ... (1987), we think the Supreme Court made it quite clear that when a defendant raises an affirmative defense, and the evidence has been presented by either the defendant or the government which is relevant to that defense, the jury must be free to consider that evidence, unless the legislature has properly provided otherwise, in connection with its determination whether the government has proven the elements of the offense beyond a reasonable doubt. Moreover, the jury must be told that it can consider the evidence for that purpose.

*Id.* at 1013 (footnote omitted).

■ The government, while appearing to concede that the trial court's instruction was improper, nonetheless contends that because the defendant invited the erroneous instruction, and because the court did not plainly err in interpreting a new statute, Hicks's conviction should be affirmed. On the facts before us in *Russell,* we rejected the government's argument that the plain error standard applied:

plain error review is unwarranted because the trial court was clearly on notice that Russell objected to the court's instructions, that Russell's position on the correct rule of law differed from the court's, and that Russell maintained that the jury should have been instructed that in deciding the element relating to force it should consider evidence on consent.

*Id.* at 1012 (referencing *Smith v. United States,* 687 A.2d 1356, 1359 n. 1 (D.C.1996)).

Prior to opening statements, counsel for Hicks alerted the trial court that he was "a little concerned about ... shifting ... the burden of proof." When asked to explain, counsel for Hicks told the trial judge, in part:

"Once I introduce evidence of consent in this case ... [i]t seems to me the burden is back to the United States to prove beyond a reasonable doubt that it was not consensual." [3] Later, the trial court proposed two different instructions on first degree sexual abuse for consideration by government and defense counsel. After reviewing them defense counsel said:

my position on these two instructions is that they are both unconstitutional because they shift the burden. But if the Court decides that that's not true—basically, my position is probably the statute ... is unconstitutional if interpreted in the way these are written.

He added that the "alternative instruction [was] preferable" to him. After the trial court, still later, shared with both counsel an opinion in a rape case from the State of Washington regarding the burden of proof, counsel for Hicks stated:

you cannot impose a standard of proof on that burden [the burden of going forward] without shifting the burden of proof under these circumstances where you have, as in this case from Washington, ... where the consent defense is the flip side of an element of the crime. And that's what we have here, and I believe that that's the basic problem that we need to confront and that neither instruction really confronts that problem because the phrase preponderance of the evidence is inserted.

On the record before us, we conclude that Hicks preserved his challenge to the trial court's instruction. During discussions between counsel and the trial judge, he complained that both of the trial court's proposed jury instructions on first degree sexual abuse would be constitutionally infirm if they shifted the ultimate burden to Hicks on the element of force, or confused the jury as to his burden compared to that of the government. The government maintains that Hicks's case differs from *Russell* because, unlike Hicks, Russell's counsel specified that "the jury should have been instructed that in deciding the element relating to force it should consid-

---

3. Putting it another way, counsel for Mr. Hicks asserted that the burden of proof language simply created a presumption that "burst" once the defendant presented evidence of consent.

er evidence on consent." *Russell, supra,* 698 A.2d at 1012 (referencing *Smith v. United States,* 687 A.2d 1356, 1359 n. 1 (D.C.1996)). Super. Ct.Crim. R. 30 specifies that:

> No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection.

This means that "objections to jury instructions must be specific enough to direct the judge's attention to the correct rule of law; a party's request for jury instructions must be made with sufficient precision to indicate distinctly the party's thesis." *Russell, supra,* 698 A.2d at 1012 (referencing *Hasty v. United States,* 669 A.2d 127, 134 (D.C.1995) (other citation omitted)).

In the unique situation before us, where the trial court was faced with a new statute, the fact that Hicks did not present his own instruction to the trial court does not undermine his constitutional due process challenge to the instruction given to the jury on first degree sexual abuse. As we said in *Russell,*

> under the circumstances here, where the issue was one of first impression concerning a radical departure from the previous statute, and where there was considerable discussion on the issue between counsel and the court throughout the trial, we think that counsel's failure to submit written requested instructions or to state his objections with exact precision does not compel plain error review.

*Id.* Counsel for Hicks made plain his concern that force and consent were flip sides of the same coin, and that it would be unconstitutional to shift the burden to Hicks in a manner that compelled him to prove the absence of force as an element of first degree sexual abuse. Contrary to the government's argument, we see no dispositive difference between Russell's articulation of his objections to the trial court's proposed instruction on first degree sexual abuse and that of Hicks. Thus, on the record before us, we are constrained by *Russell* to conclude that Hicks did not invite the constitutionally erroneous instruction, and thus, plain error review is unwarranted.

Accordingly, we reverse the judgment of the trial court, and remand for a new trial.

*So ordered.*