### UNITED STATES

v.

**Charles W. DAVIS, Lieutenant Commander (O–4), U.S. Navy.**

**NMCCA 9600585.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Decided 31 Oct. 2005.

Capt Richard Viczorek, USMC, Appellate Defense Counsel.

Cdr Charles N. Purnell, JAGC, USN, Appellate Government Counsel.

Lt Steven Crass, JAGC, USNR, Appellate Government Counsel.

Before RITTER, Senior Judge, SCOVEL, and GEISER, Appellate Military Judges.

RITTER, Senior Judge:

The case before us is an interlocutory appeal by the Government, pursuant to Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862, and RULE FOR COURTS-MARTIAL 908, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2002 ed.). The Government contends the military judge erred as a matter of law when he: (1) concluded that personal jurisdiction over the appellee was terminated by the delivery of an administrative dis-

charge before his general court-martial had completed appellate review; and (2) terminated the sentence rehearing specifically authorized by order of the Court of Criminal Appeals for the Armed Forces. We agree that the military judge erred and that the doctrine of continuing jurisdiction preserves personal jurisdiction over the appellee for the purpose of conducting the sentence rehearing.

**Background**

The appellee was convicted in 1995 of two specifications of rape committed on divers occasions, two specifications of sodomy committed on divers occasions, four specifications of indecent acts, and indecent liberties, in violation of Articles 120, 125, and 134, UCMJ, 10 U.S.C. §§ 920, 925, and 934. The court-martial members sentenced him to life imprisonment and forfeiture of $2,500 pay per month for 24 months. The convening authority approved the sentence, but suspended the forfeitures. While the case was in the process of appellate review, the Navy administratively separated the appellee in 1997 with an "other than honorable" discharge for "misconduct, commission of a serious offense."

This court affirmed the findings and sentence in a published decision. *United States v. Davis*, 47 M.J. 707 (N.M.Ct.Crim.App. 1997). The Court of Appeals for the Armed Forces returned the case for a *DuBay*[1] hearing concerning an issue of ineffective assistance of counsel. *United States v. Davis*, 52 M.J. 201, 206–07 (C.A.A.F.1999). After the hearing, this court again affirmed the findings and sentence in an unpublished opinion on 24 July 2003. On appeal, our superior court affirmed the findings of guilty, but set aside the sentence, authorizing a rehearing. *United States v. Davis*, 60 M.J. 469 (C.A.A.F. 2005).

At the sentence rehearing, the appellant moved to terminate the proceedings due to a lack of personal jurisdiction. On 25 July 2005, the military judge granted the motion, finding that the concept of continuing jurisdiction applied only to preserve the jurisdiction of appellate courts, and that the admin-

---

1. *United States v. DuBay*, 37 C.M.R. 411, 1967 WL 4276 (C.M.A.1967).

istrative discharge dissolved court-martial jurisdiction for a trial court to conduct a sentence rehearing. The Government appealed the military judge's ruling. We granted the Government's motion for a stay, pending our ruling.

### Jurisdiction of this Court

■ As an initial matter, the appellee in his brief argues that this court does not have jurisdiction to hear this appeal. We disagree.

Article 62(a)(1)(A), UCMJ, provides that "[i]n a trial by court-martial in which a military judge presides and in which a punitive discharge may be adjudged," the United States may appeal "an order or ruling of the military judge which terminates the proceedings with respect to a charge or specification." There is no question that the military judge's ruling would terminate the proceedings with regard to all charges and specifications. The appellee contends, however, that because a punitive discharge may not be adjudged at a sentence rehearing in this case—since one was not adjudged at the initial sentencing hearing—this case no longer presents a "trial by court-martial in which ... a punitive discharge may be adjudged." Thus, by the language of Article 62, UCMJ, the Government is not entitled to appeal the military judge's ruling nor are we empowered to review such an appeal.

However, our review of the statutory scheme leads us to conclude that the limitation imposed by the language in Article 62(a)(1), "in which a military judge presides and in which a punitive discharge may be adjudged," refers to a category of court-martial as they are classified by: (1) Article 16, UCMJ, and (2) the limitations on sentence as determined by either the maximum possible punishment for the offenses tried or the jurisdictional maximum of the court-martial. The clear purpose of this requirement is to limit Government appeals to those courts-martial in which the accused is facing punishment serious enough to warrant appellate review.

The appellant was tried before a general court-martial on charges for which the maximum punishment included a punitive discharge. The sentence rehearing is a continu-

ation of that general court-martial. Thus, this general court-martial put the appellant in sufficient jeopardy to warrant the attention of the appellate courts. *See* Article 66(b)(1), UCMJ.

Besides, this court has continuing jurisdiction over rehearings in cases over which it has previously acquired jurisdiction. *United States v. Johnson,* 45 M.J. 88, 89–90 (C.A.A.F.1996). We previously acquired jurisdiction of this case, issuing decisions in 1997 and 2003. Here, the appellee "seeks to sever the connection between the original court-martial ... which was within the statutory jurisdiction of the Court of Military Review, and the rehearing—as though they were different cases on different time-lines or tracks." *Id.* at 90. As our superior court fully explained in *Johnson* and *United States v. Boudreaux,* 35 M.J. 291 (C.M.A.1992), the original court-martial and any rehearings required by appellate authorities are part of the same court-martial. "Once the Court of Military Review has jurisdiction over a case, no action by a lower court or convening authority will diminish it." *Johnson,* 45 M.J. at 90 (citing *Boudreaux v. United States Navy–Marine Corps Court of Military Review,* 28 M.J. 181 (C.M.A.1989)); *see also United States v. Entner,* 36 C.M.R. 62, 1965 WL 4785 (C.M.A.1965).

Based on both the clear intent of Article 62, UCMJ, and the doctrine of continuing jurisdiction, we conclude that this court has jurisdiction to hear the Government's appeal.

### Personal Jurisdiction at Sentence Rehearing

At the sentence rehearing and before this court, the appellee contends that the delivery of the administrative discharge terminated court-martial jurisdiction over him in 1997. Further, he argues that the doctrine of continuing jurisdiction should not apply to his case, because his command made an informed decision to administratively discharge him, and fully understood that by doing so the Navy would lose jurisdiction over him should his conviction or sentence be overturned on appeal. For support, he relies primarily on our superior court's reasoning in *Smith v. Vanderbush,* 47 M.J. 56 (C.A.A.F.

1997) and the jurisdictional principles outlined by the United States Supreme Court decision in *United States ex rel. Toth v. Quarles,* 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955).

In his written decision on the motion to dismiss for lack of jurisdiction, the military judge systematically reviewed the separate subsections of Article 2, UCMJ, and determined the appellee does not fit under any of the 12 categories of persons subject to trial by court-martial, jurisdiction having been extinguished by the delivery of the administrative discharge in 1997. He then determined that the doctrine of continuing jurisdiction applies to the appellate courts, but not to trial courts that may be tasked to conduct rehearings pursuant to appellate decisions. Finally, he applied the standards of *Toth* in holding that the offenses in this case do not require an "extraordinary extension of personal jurisdiction to satisfy the ends of good order and discipline in the armed forces." Appellate Exhibit LXXXI at 6.

We disagree with the trial court's legal conclusion that he lacked jurisdiction over the appellee for a sentence rehearing on these charges. As explained below, we find that the trial court erred in failing to apply the doctrine of continuing jurisdiction in this case, pursuant to our superior court's decisions in *Johnson, Boudreaux, Entner, Steele v. Van Riper,* 50 M.J. 89 (C.A.A.F.1999), and *Peebles v. Froehlke,* 46 C.M.R. 266, 1973 WL 14499 (C.M.A.1973). The result of those cases is that jurisdiction exists over the appellee for any rehearing on these charges, since his jurisdictional status as a member of a regular component of the armed forces was fixed at the time of his court-martial.

*Standard of Review*

In reviewing an interlocutory appeal by the Government of a military judge's ruling that terminates the proceedings with respect to a charge or specification, this court may act only with respect to matters of law. Art. 62(b), UCMJ; R.C.M. 908(c)(2). Thus, we are bound by the military judge's findings of fact unless they are unsupported by the evidence of record or are clearly erroneous. *United States v. Lincoln,* 40 M.J. 679, 683

(N.M.C.M.R.1994), *aff'd in part and set aside in part,* 42 M.J. 315, 321–22 (C.A.A.F.1995). But we conduct a *de novo* review of the military judge's conclusions of law. *United States v. Gore,* 58 M.J. 776 (N.M.Ct.Crim. App.2003), *rev'd on other grounds,* 60 M.J. 178 (C.A.A.F.2004).

The military judge made no formal findings of fact, but all facts relevant to this issue are undisputed and part of the record.

*Law*

■ "[J]urisdiction to try a person by court-martial depends upon the person's status as a member of the armed forces. But that status is fixed at the time the proceedings begin." *Peebles,* 46 C.M.R. at 268. "Once court-martial jurisdiction over a person attaches, such jurisdiction shall continue for all purposes of trial, sentence, and punishment, notwithstanding the expiration of that person's term of service or other period in which that person was subject to the code or trial by court-martial." R.C.M. 202(c)(1). A rehearing is an extension of the original court-martial. *Johnson,* 45 M.J. at 90; *Peebles,* 46 C.M.R. at 268.

■ The power of reviewing authorities over a court-martial is unaffected by an administrative discharge occurring during the course of review. *Steele,* 50 M.J. at 91. The effect of such a discharge is limited to remission of any punitive discharge adjudged at court-martial. *Id.* at 92.

*Discussion*

■ We view our superior court's decision in *Peebles* as both instructive and dispositive in analyzing this issue. The facts in that case are closely analogous to ours. Moreover, the court's analysis in that case resolves two issues raised by the military judge's decision: (1) how the principles of the United States Supreme Court's *Toth* decision apply to this case; and (2) whether the doctrine of continuing jurisdiction applies to trial courts as well as appellate courts involved in the court-martial review process.

In *Peebles,* the accused had been convicted at court-martial and adjudged a sentence that included a dishonorable discharge and

confinement for 10 years. While serving the adjudged confinement, he committed another offense and was court-martialed a second time, receiving a sentence that included a dishonorable discharge and confinement for 14 months. After our superior court denied the accused's appeal of his second conviction, the discharge from the second court-martial was executed. Two months later, our superior court set aside both the findings and sentence from the first court-martial and authorized a rehearing.

Based on that authorization, the convening authority convened a general court-martial. The defense moved to dismiss the charges for lack of personal jurisdiction and, as in this case, the military judge granted the motion. Following procedural moves that reflected the different review process of the time, our superior court stayed the proceedings of a reconvened court-martial to consider the accused's petition claiming that the Army had no jurisdiction to rehear the charges from his first court-martial.

As in our case, the petitioner argued that: (1) he was a civilian because he had been dishonorably discharged; and (2) the setting aside of the findings and sentence concerning his remaining charges left the Army with no jurisdiction to retry him. The petitioner cited *Toth* as his principal legal support. But in applying the *Toth* principles to Peebles' situation, the court reasoned:

> The petitioner is not a civilian like Toth. While court-martial jurisdiction over a person is normally terminated by his discharge and return to the civilian community, in this case the petitioner was apprehended, tried, and sentenced while on active duty with the Army. His dishonorable discharge as a result of a separate court-martial proceeding cannot serve to defeat the execution of the earlier sentence.

> **Nor does our action in reversing the conviction and sentence prevent petitioner's retrial even though his discharge occurred before the reversal.**

*Peebles,* 46 C.M.R. at 267–68 (emphasis added)(internal citations omitted). The Court further explained:

*Toth* and related cases establish that jurisdiction to try a person by court-martial depends upon the person's status as a member of the armed forces. **But that status is fixed at the time the proceedings begin.**

*Id.* at 268 (emphasis added)(internal citations omitted).

Thus, *Toth* is inapplicable to the present case, for the appellee's status is fixed as a member of a regular component of the armed forces, and jurisdiction over him is based on Article 2(a)(1), UCMJ. It has not terminated concerning the charges for which his resentencing hearing was ordered.

■ *Peebles* also settles the question whether trial courts have continuing jurisdiction to hold rehearings when so authorized by appellate decisions. Quoting the Supreme Court's decision in *Reid v. Covert,* 351 U.S. 487, 76 S.Ct. 880, 100 L.Ed. 1352 (1956), *rev'd on rehearing on other grounds,* 354 U.S. 1, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957), the court noted that:

> [t]he military courts have recognized rehearings to be but continuations of the original proceedings ... and the legislative history of Article 63 of the Code ... bears out the fact that they were so intended by Congress.

*Id.* at 268 (internal citations omitted).

While the military judge in the present case found our superior court's decision in *Peebles* to be a "unique answer" and inapplicable to the appellant, we fail to see how an administrative discharge has greater power to sever jurisdiction than a dishonorable discharge adjudged at a general court-martial. Its only effect would have been to remit a punitive discharge, had one been adjudged in this case. *Steele,* 50 M.J. at 92. Nor are we inclined to ignore clear precedent stating that a rehearing can and must be held even after a discharge has been delivered if the rehearing deals with a court-martial proceeding still undergoing the process of appellate review.

Further, we view the doctrine of continuing jurisdiction as even more clearly applicable to the present case than to *Peebles,* where the rehearing encompassed both find-

ings and sentence. Here, the trial court is authorized only to hold a sentence rehearing, thereby continuing to completion a case in which the findings have been approved and finally affirmed on appeal.

### Smith v. Vanderbush

The appellee's reliance on *Smith v. Vanderbush* is misplaced. There, our superior court was presented with a situation in which the accused was administratively discharged and sent home after arraignment, but before evidence was even admitted at trial. The *Vanderbush* court acknowledged a concept of continuing jurisdiction "permitting appellate review and execution of the sentence in the case of someone who already was tried and convicted while in a status subject to the UCMJ," but noted, "[i]n the case before us, we must decide whether this limited recognition of continuing jurisdiction for post-trial matters should be **expanded** to authorize trial of a civilian former service member who has been arraigned prior to discharge." *Id.* at 59 (emphasis added) (citation omitted). The Court decided against such an expansion, but continuing jurisdiction to review a completed court-martial proceeding and to conduct rehearings as required by appellate courts was never at issue.

### Conclusion

Having carefully considered the excellent briefs submitted by both the Government and the appellee, we grant the Government's appeal. We find that the trial court has jurisdiction over the appellee under Article 2(a)(1), UCMJ, as a member of a regular component of the armed forces, since he was in that status at the time of his first general court-martial and his status for purposes of these charges was fixed as of that time. Thus, the trial court has continuing personal jurisdiction to conduct the sentence rehearing authorized by the Court of Appeals for the Armed Forces. In light of our decision, we need not reach the question raised by the Government regarding whether Article 2(a)(7), UCMJ, provides an additional basis for jurisdiction over the appellee.

The record is returned to the Judge Advocate General for remand to the military judge, who will conduct a sentence rehearing in this case.

Judge SCOVEL and Judge GEISER concur.