IN THE CASE OF

UNITED STATES, Appellant

v.

Dathan O. CHISHOLM, Sergeant
U.S Army, Appellee

No. 03-5003

Crim. App. No. 9900240

United States Court of Appeals for the Armed Forces

Argued October 8, 2003

Decided November 18, 2003

Counsel

For Appellant:  Captain Gregory M. Kelch (argued); Colonel
Robert D. Teetsel, Lieutenant Colonel E. Allen Chandler Jr.
and Captain Terri J. Erisman (on brief); Captain Mary E.
Card.

For Appellee:  Captain Abraham F. Carpio (argued); Colonel
Lauren B. Leeker, Lieutenant Colonel Margaret B. Baines and
Major Mark L. Johnson (on brief).

Military Judges:  Stephen V. Saynisch and Nancy A. Higgins

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

PER CURIAM

At a general court-martial composed of officer members, Appellee was convicted, contrary to his pleas, of conspiracy to commit rape, conspiracy to obstruct justice, making a false official statement, and rape, in violation of Articles 81, 107 and 120, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 881, 907 and 920 (2000), respectively.  He was sentenced to a bad-conduct discharge, confinement for four years, total forfeitures, and reduction to the lowest enlisted grade.  The convening authority approved these results.  Before the Army Court of Criminal Appeals, he requested a reduction in sentence based upon a claim of dilatory post-trial processing in light of a sixteen-month delay between the completion of trial and the convening authority action.  The court, after concluding that the post-trial delay was unexplained and excessive, reduced the period of confinement by three months, and otherwise approved the findings and sentence.  United States v. Chisholm, 58 M.J. 733, 739 (A. Ct. Crim. App. 2003).  The Government filed a motion for reconsideration en banc, which the court denied in an unpublished decision.  United States v. Chisholm, ARMY 9900240 (A. Ct. Crim. App. March 18, 2003).

Pursuant to Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2000), the Judge Advocate General of the Army submitted the case to our Court, certifying the following issues:

> I. WHETHER THE UNITED STATES ARMY COURT OF CRIMINAL APPEALS' OPINION IN UNITED STATES V. CHISHOLM, ARMY No. 9900240 (Army Ct. Crim. App. January 24, 2003) IMPROPERLY VESTED MILITARY TRIAL JUDGES WITH POWER TO ISSUE INTERLOCUTORY ORDERS AND AUTHORITY TO ADJUDCATE AND REMEDY POST-TRIAL PROCESSING DELAY CLAIMS?
>
> II. WHETHER THE UNITED STATES ARMY COURT OF CRIMINAL APPEALS' DECISION CONCERNING THE ROLE OF THE MILITARY JUDGE IN ADJUDICATING AND REMEDYING POST-TRIAL PROCESSING DELAY CLAIMS CONSTITUTES AN ADVISORY OPINION?

In the present appeal, the Government does not challenge the conclusion of the court below that the post-trial processing of Appellee's case was "dilatory," 58 M.J. at 734, nor does the Government challenge the court's modification of the sentence. Likewise, Appellee does not challenge the adequacy of the relief provided by the court below. Neither party contends that the court erred in approving the findings and sentence as modified. Exercising our authority to review cases submitted under Article 67, we have determined that there are no legal impediments to affirming the findings and sentence as approved by the Court of Criminal Appeals. The certified issues, and the Government's brief, focus solely on the portion of the opinion below concerning alternative means of addressing post-trial delays,

3

with particular emphasis on the role of military judges in post-trial processing.  See 58 M.J. at 736-39.

We shall address the certified issues in reverse order, considering first the question of whether the court below issued an impermissible advisory opinion.  An advisory opinion is an opinion issued by a court on a matter that does not involve a justiciable case or controversy between adverse parties.  See Michael C. Dorf, Dicta and Article III, 142 U. Pa. L. Rev. 1997 (1994).  Courts established under Article III of the Constitution may not issue advisory opinions.  See U.S. Const., Art. III, § 2; Lawrence H. Tribe, American Constitutional Law § 3-9, at 328-30 (3d ed. 2000).  Courts established under Article I of the Constitution, such as this Court, generally adhere to the prohibition on advisory opinions as a prudential matter.  See United States v. Clay, 10 M.J. 269 (C.M.A. 1981).

In the present case, the Court of Criminal Appeals had jurisdiction to review Appellee's court-martial conviction under Article 66(b)(1), UCMJ, 10 U.S.C. § 866(b)(1)(2000). The court was obligated by Article 66(b)(1) to address the validity of the findings and sentence of the court-martial.  In particular, the court was presented with a concrete dispute between adverse parties, Appellee and the Government, regarding the appropriateness of the sentence in light of unreasonable post-trial delay.  Under these circumstances, the opinion of the

4

court below did not constitute an impermissible advisory opinion.  See United States v. Campbell, 52 M.J. 386, 387 (C.A.A.F. 2000) ("The parties in a subsequent case are free to argue that specific aspects of an opinion . . . should be treated as non-binding dicta, but such a possibility does not transform a decision into an inappropriate advisory opinion.") Accordingly, we answer Issue II in the negative.

Issue I raises two separate questions: (1) whether the pertinent portion of the opinion below represents a valid analysis of the law concerning the post-trial responsibilities of a military judge; and (2) whether that aspect of the opinion constitutes a precedential holding or non-binding dicta.  These are the type of questions that may be resolved in the normal course of trial and appellate litigation, should such questions arise in an adversarial setting in a future case.  In the present case, however, neither party has challenged the post-trial actions of the military judge who presided at Appellee's court-martial, and Appellee has no personal stake in the outcome of any views that we might express on the post-trial responsibilities of military judges.

In the absence of a challenge by a party to a concrete ruling by a military judge in an adversarial setting, we conclude that consideration of Issue I under the circumstances of the present case would be premature.  Cf. Tribe, supra, § 3-

5

10 at 334 (discussing prudential aspects of the ripeness doctrine). Accordingly, we decline to answer the first certified issue.

## Decision

The decision of the United States Army Court of Criminal Appeals is affirmed.