# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**The UNITED STATES of America, Petitioner**
**v.**
**Colonel GREGORY A. GROSS, Military Judge, Respondent**

**Private E1 RANDY C. HERNANDEZ, Real Party in Interest**

ARMY MISC 20140293

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Gregory A. Gross, Military Judge

For Petitioner:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Kenneth W. Borgnino, JA; Captain Janae M. Lepir, JA (on petition for extraordinary relief); Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Kenneth W. Borgnino, JA (on reply to real party in interest's answer to petition for extraordinary relief).

For Respondent Hernandez:  Colonel Kevin Boyle, JA; Lieutenant Colonel Jonathan F. Potter, JA; Major Frank E. Kostik, JA; Captain Aaron R. Inkenbrandt, JA (on answer to petition for extraordinary relief).

5 June 2014

-------------------------------------------------------------------------------------------
SUMMARY DISPOSITION ON PETITION FOR EXTRAORDINARY RELIEF
-------------------------------------------------------------------------------------------

Per Curiam:

In the general court-martial of Private E1 Randy C. Hernandez, real party in interest, the government petitions this court for extraordinary relief in the nature of a writ of mandamus.  Specifically, the government requests this court order Colonel Gregory Gross, the military judge, not to apply the defense of mistake of fact as to age to the offense of sodomy with a minor, charged as a violation of Article 125, of the Uniform Code of Military Justice, 10 U.S.C. § 925 (2012) [hereinafter UCMJ].

## BACKGROUND

The accused was charged with sexual assault of a child, sexual abuse of a child, and sodomy with a child, in violation of Articles 120b and 125, UCMJ. The accused filed a pretrial motion asking the military judge to instruct the future panel that a reasonable mistake of fact as to age is a defense to offenses with children under Article 125, just like it is for offenses with children under Article 120b. The military judge ruled that particular defense is not applicable to offenses under Article 125 and based his decision on *United States v. Wilson*, 66 M.J. 39 (C.A.A.F. 2008) (expressly holding "[t]here is no mistake of fact defense available with regard to the child's age in the article 125, UCMJ, offense of sodomy with a child under the age of sixteen"). The accused ultimately elected to contest his offenses before the military judge alone.

After the presentation of evidence, the military judge entered findings of not guilty to the specifications alleging sexual assault of a child and sexual abuse of a child (Charge I), and then announced:

> It should be obvious to everyone that I did not enter a finding as to Charge II and its Specification. Regarding Charge I, I find that the defense proved by a preponderance of the evidence the defense of mistake of fact as to age; that is why I found the accused not guilty.

> I've determined to reconsider my ruling as to the defense's motion that mistake of fact as to age should apply to Charge II and its Specification. I have determined that [it] does apply and I find that the defense proved the defense of mistake of fact as to age by a preponderance of the evidence.

> I find that the government proved the elements of sodomy beyond a reasonable doubt, but as I said, the defense proved the defense of mistake of fact by a preponderance of the evidence. I am prepared to announce a finding of not guilty to Charge II and its Specification; however, before I do that, I will allow the government time to file an extraordinary writ challenging my ruling on the applicability of the mistake of fact with regards to sodomy.

The government now avails itself of the opportunity provided by the military judge and seeks the suggested writ.

## DISCUSSION

In its supporting brief, the government argues a writ of mandamus, ordering the military judge to reverse his latest ruling, should issue to "clarify that inferior courts are bound by the Court of Appeals for the Armed Forces' opinions, and to confirm that the mistake of fact as to age defense does not apply to Article 125, UCMJ." To prevail in a request for the drastic instrument in the form of a writ of mandamus, the petitioner "must show that: (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (2012) (citing *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004). We specifically conclude the Petitioner has not met its burden with respect to the third requirement of appropriateness.

Under the facts and circumstances of this case, the military judge's failure to either unambiguously acquit or convict the accused of sodomy with a child has resulted in the government now seeking clarification as to how or even if *United States v. Wilson* has been overturned. At worst, this is a request for an impermissible advisory opinion, and, at best, it is a premature request for our appellate review. *See United States v. Chisholm*, 59 M.J. 151, 152-53 (C.A.A.F. 2003). Accordingly, we make no decision at this time as to whether *Wilson* is still good law.

## CONCLUSION

The petition of the United States for extraordinary relief in the nature of a writ of mandamus is hereby DENIED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court