*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, KIRKBY, and GANNON
Appellate Military Judges

———————————————

**UNITED STATES**
*Appellee*

**v.**

**Cheyenne D. ROGERS**
Boatswain's Mate Third Class (E-4), U.S. Navy
*Appellant*

**No. 202200258**

———————————————

Decided: 26 June 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Angela J. Tang (Arraignment)
John J. Stephens (Trial)

Sentence adjudged 27 September 2022 by a special court-martial tried at Naval District Washington, District of Columbia, consisting of a military judge sitting alone. Sentence in Entry of Judgment: confinement for twenty-one days, reduction to E-2 and forfeiture of one-half pay and allowances for one month.

For Appellant:
*Captain Arthur L. Gaston III, JAGC, USN*

For Appellee:
*Colonel Scott A. Wilson, USMC*
*Lieutenant Colonel Candace G. White, USMC*

Senior Judge KIRKBY delivered the opinion of the Court, in which Chief Judge Emeritus HOLIFIELD and Judge GANNON joined.

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————

KIRKBY, Senior Judge:

Appellant was convicted, consistent with her pleas, of two specifications of wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice [UCMJ].[1]

Appellant asserts three assignments of error (AOE) which we rephrase as follows: 1) Did the military judge err in sentencing Appellant in part to forfeit one-half allowances for one month? 2) Was trial defense counsel ineffective for negotiating a plea agreement that included forfeiture of allowances? 3) Is a provision of the plea agreement unenforceable when it provides for a withdrawn specification to only be dismissed with prejudice after the findings and sentence are upheld on appellate review? We take action with regard to AOE 1, which renders AOE 2 moot, and we decline to issue an advisory opinion regarding AOE 3.

## I. BACKGROUND

This case is before us under Article 66(b)(1), UCMJ. Appellant pleaded guilty pursuant to a plea agreement with the convening authority [CA], to two specifications of violating Article 112(a), UCMJ. As part of the negotiated plea agreement Appellant agreed to plead guilty to two of the three specifications charged and the CA agreed to certain outcomes. At issue here are two provisions of the plea agreement. First, a provision that required forfeiture of one

---

[1] Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.

half of Appellant's allowances for one month; and second, a provision that attached prejudice to the withdrawn specification after completion of appellate review where the findings and sentence are affirmed. On 30 January 2025, this Court ordered Appellant to provide a statement of the exact dollar amount forfeited as a result of the sentence adjudged and proof of material prejudice resulting therefrom. On 14 February 2025, Appellant, through counsel, responded that she was unable to ascertain the exact dollar amount forfeited or prove material prejudice resulting from the same.[2]

## II. DISCUSSION

### A. CCAs May Consider Whether a Sentence Violates the Law.

Article 19(a), UCMJ,[3] dictates in relevant part that "[s]pecial courts-martial may adjudge any punishment not forbidden by this chapter except . . . forfeiture of *pay* exceeding two-thirds pay per month . . . ."[4] That is, a special court-martial cannot adjudge forfeiture of *allowances.* On this the parties agree. Despite the fact that the plea agreement was negotiated, reviewed by multiple attorneys and accepted by the trial court, a provision providing for "forfeiture of one-half . . . *allowances* for one month"[5] was included. This provision was *ultra vires*. The parties here agree that that portion of the sentence pertaining to allowances should be set aside. We agree with this outcome and will effectuate such action in our decretal paragraph. This action renders AOE 2 moot.

### B. CCAs Should Avoid Resolving Controversies Not Before Them.

Paragraph 9 of the plea agreement deals with the specification to which Appellant plead not guilty. It provides in part that "the withdrawn specification will be dismissed without prejudice to ripen into prejudice upon completion of appellate review where the findings and sentence have been upheld."[6]

First, there is a significant question as to whether our action with regard to AOE 1 amounts to a change in the sentence that implicates paragraph 9. We need not address that here and leave it to future litigants to raise at the trial level if they so wish.

---

[2] Appellant's Response to Court Order of 30 January 2025.

[3] 10 U.S.C. §819(a).

[4] *Id*. Emphasis added.

[5] App. Ex. III.

[6] *Id*.

Second, this case raises an interesting, if generally academic, question. Under what rule is a provision dealing with charges or specifications before the Court that are otherwise negotiated or resolved (in this case paragraph 9 of the plea agreement) to be considered?

The interpretation of a plea agreement's meaning and effect is a question of law that we review de novo.[7] Whether a condition of a pretrial agreement violates R.C.M. 705(c)(1)(B) is also a question of law that we review de novo.[8]

Rule for Courts-Martial 705(c)(1)(B) states:

> A term or condition in a pretrial agreement shall not be enforced if it deprives the accused of: the right to counsel; the right to due process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial; the right to complete sentencing proceedings; *the complete and effective exercise of post-trial and appellate rights.*[9]

In *United States v. Hunter,*[10] the Army Court of Criminal Appeals found the same language as contained in paragraph 9 to be contrary to R.C.M. 705(e)(4)(B). The *Hunter* Court found that the inclusion of the term making performance under an agreement contingent upon a sentence being upheld on appellate review an improper extension of the CA's authority. Under that theory, the words "and sentence" are a meaningless addition that should be struck in every case by every judge.

On the other hand, if the paragraph is a negotiated term of the agreement under R.C.M. 705(c)(2)(G) and is found not to be "contrary or inconsistent with this rule," then the inclusion of "and sentence" must be, like all the other provisions, considered negotiated terms. In *United States v. Goldsmith*, the Air Force Court of Criminal Appeals (AFCCA) came to this conclusion.[11] There the court stated, "we see no obvious reason why a convening authority may not agree to dismiss specifications with prejudice so long as the remaining specifications are upheld during appellate review." The AFCCA pointed out that "[i]n

---

[7] *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006) (applying de novo standard of review to pretrial agreements).

[8] *United States v. Best*, 61 M.J. 376, 381 (C.A.A.F. 2005).

[9] Rule for Courts-Martial 705(c)(1)(B) (emphasis added).

[10] *United States v. Hunter*, No. ARMY 20230313, 2024 CCA LEXIS 262 (Army Ct. Crim. App. June 26, 2024).

[11] *United States v. Goldsmith*, No. ACM 40148, 2023 CCA LEXIS 8, 10-11 (A. F. Ct. Crim. App. Jan. 11, 2023).

the absence of such an agreement, a convening authority would be free to simply dismiss specifications without prejudice and allow them to be revived at some later date—the same position Appellant faces should the findings in his case be disturbed on appeal."

It is beyond dispute that any term that deprives an appellant of "the complete and effective exercise of post-trial and appellate rights" is invalid per R.C.M. 705(c)(1)(B). But the fact that this case is before us (and Appellant got exactly the relief she sought for in AOE 1) is evidence of the effective exercise of Appellant's post-trial rights.

Finally, we note that Paragraph 9 of the agreement is self-executing. That is, neither Appellant nor the Government is required to do anything further; at the close of appellate review, prejudice will attach to the dismissed specification. As Appellant makes no claim that the convening authority has acted to revive Specification 1 of the Charge, any action by this Court impacting the language in paragraph 9 would relate to a controversy not before us. Therefore, our opinion would be purely advisory. An advisory opinion is "an opinion issued by a court on a matter that does not involve a justiciable case or controversy between adverse parties."[12] While courts established under Article III of the Constitution may not issue advisory opinions, courts established under Article I, such as this Court and the Courts of Criminal Appeals, "generally adhere to the prohibition on advisory opinions as a prudential matter."[13] We therefore decline to answer AOE 3.

## III. CONCLUSION

That part of the sentence amounting to forfeiture of allowances is **SET ASIDE** and **VACATED**.

It is further noted that the military judge failed to announce the amount of forfeiture in pay in whole dollars as required by Rule for Courts-Martial (R.C.M.) 1003(b)(2).[14] The rule also provides that if a sentence includes a reduction in grade, then the forfeiture should be based on the grade to which reduced.[15] Appellant and the Government agree that had the military judge complied with the rule and stated the correct forfeiture amount as a whole dollar amount at the reduced grade of E-2, it would have been $1,027.00 per

---

[12] *United States v. Chisholm*, 59 M.J. 151, 152 (C.A.A.F. 2003) (citation omitted).

[13] *Id.* (citation omitted).

[14] Manual for Courts-Martial, United States (2024 ed.).

[15] Rule for Courts-Martial (R.C.M.) 1003(b)(2).

month for one month. The Entry of Judgment (EOJ) repeats the forfeiture language as announced on the record.

As we have previously stated and repeated, "The failure of the military judge to account for forfeitures in a dollar amount is a clerical error with 'no prejudicial impact on the accused' and is easily remedied."[16]

In accordance with R.C.M. 1111(c)(2), we modify the Entry of Judgment to remedy the issues noted above and direct that it be included in the record.

Ultimately, we determined that the findings and sentence, as modified herein, are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[17]

That part of the sentence extending to forfeiture of allowances having been **SET ASIDE** and **VACATED**, the findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Cour

---

[16] *United States v. Nelson*, NO. 202400119, 2025 CCA LEXIS 29, *2 (N-M. Ct. Crim. App. Jan. 31, 2025) (unpublished) (citing *United States v. Jewett*, No. 200900167, 2009 CCA LEXIS 668, *2 (N-M. Ct. Crim. App. 24 Sept 2009) (unpublished)).

[17] 10 U.S.C. §§859, 866.

# United States Navy–Marine Corps Court of Criminal Appeals

| UNITED STATES | NMCCA NO. 202200258 |
|---|---|
| v. | **ENTRY OF JUDGMENT** |
| **Cheyenne D. ROGERS** **Boatswain's Mate Third Class** **Petty Officer (E-4)** **U.S. Navy** | *As Modified on Appeal* |
| *Accused* | **26 June 2025** |

On 27 September 2022, the Accused was tried at Washington Navy Yard, District of Columbia, by a special court-martial consisting of a military judge sitting alone. Military Judge Jon Stephens presided.

## FINDINGS

The following are Boatswain's Mate Third Class Petty Officer Rogers's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge:** **Violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 1:** **Use of Schedule I/II/III controlled drugs on or about 28 September 2021.**

> *Plea:* Not Guilty.
> *Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review.

**Specification 2:** **Use of Schedule I/II/III controlled drugs on or about 7 December 2021.**

> *Plea:* Guilty.
> *Finding:* Guilty.

**Specification 3:  Use of Schedule I/II/III controlled drugs on or about 12 January 2022.**

> *Plea:* Guilty.
> *Finding:* Guilty.

## SENTENCE

On 27 September 2022, a military judge sentenced Boatswain's Mate Third Class Petty Officer (BM3) Rogers to the following:

> **Confinement for a total of 21 days.**
>
> *Specification 2 of the Charge: confinement for 21 days.*
>
> *Specification 3 of the Charge: confinement for 21 days.*
>
> *All periods of confinement shall run concurrently.*
>
> **Forfeiture of $1027.00 pay per month for one month.**
>
> **Reduction to E-2.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Cour